864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Rudolf KURNER.
 No. 88-1325.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1988.
Rehearing Denied Jan. 6, 1989.
 
 PTO
 AFFIRMED.
 Before MAYER, Circuit Judge, NICHOLS, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the patent examiner's final rejection of claims 10-16 of Rudolf Kurner's patent application, Serial No. 625,572, under 35 U.S.C. Secs. 102 and 103 (1982 & Supp. IV 1986). We affirm.
 
 OPINION
 
 2
 Kurner's primary argument on appeal is that his composition is distinguishable from the prior art because the polyvinyl-pyrrolidone (PVP) contained in his composition, and as used in connection with his claimed method, is useful for removing offensive odors from odoriferous materials. However, as the Patent Office brief points out, Kurner has failed to claim odor-eating PVP. He claims a composition for removing odor comprising PVP, and a related method. But, prior art compositions which serve this same purpose and which comprise PVP have been cited. Accordingly, we cannot say that, with regard to this point, the board's finding of anticipation was clearly erroneous, or that its conclusion as to obviousness was incorrect as a matter of law.
 
 
 3
 We also reject Kurner's argument that his PVP is distinguishable because it, unlike at least one of the types of PVP disclosed in the cited references, is soluble in water. Kurner's claims do not require that the PVP in his composition be water soluble. Kurner's claims recite a PVP soluble in either water or an alkanol containing up to 3 carbon atoms. The cited prior art clearly includes compositions having PVP which meets at least one of the recited alternatives.
 
 
 4
 All other arguments raised by Kurner but not specifically addressed here have also been carefully considered and, on the basis of the board's reasoning, as set forth in its decision dated September 28, 1987, are deemed to be without merit.